| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **MEMORANDUM & ORDER** |
| – against – | |
| CHRISTOPHER PARKER, | 12-cr-00120 (ERK) |
| Defendant. | |

KORMAN, *J*.:

On September 12, 2024, Defendant Christopher Parker moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.

## I.   Background

On December 22, 2014, Parker pleaded guilty, pursuant to a plea agreement, to conspiracy to import five or more kilograms of cocaine in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii). *See* ECF No. 46; ECF No. 102 at 1; *see also* ECF No. 1 at 1.

Parker's sentencing range under the Sentencing Guidelines was 210 to 262 months' imprisonment, based on a total offense level of 37 and a criminal history category of I. *See* ECF No. 103 at 1. The offense level included a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because a "dangerous weapon was

1

possessed," specifically a firearm, and a three-level enhancement under U.S.S.G. § 3B1.1(b) because the "defendant was a manager or supervisor (but not an organizer or leader), and the criminal activity involved five or more participants or was otherwise extensive." *See* ECF No. 51 at ¶¶ 8, 23, 28; ECF No. 153 at 2. On February 21, 2017, Parker was sentenced to 180 months' imprisonment. *See* ECF No. 102 at 2.

On September 12, 2024, Parker filed a *pro se* motion for a sentence reduction pursuant to Part B of Amendment 821 to the Sentencing Guidelines. *See* ECF No. 151 at 1. Parker also requested the appointment of counsel. *Id.* at 2. The United States Attorney opposed the motion. *See* ECF No. 152. The Probation Department filed a Supplemental Presentence Report indicating that Parker is not eligible for a sentence reduction. *See* ECF No. 153 at 3.

## II.   Discussion

A defendant may move to reduce his sentence due to a retroactive amendment to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2), which provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Witkowski*,

2

No. 22-CR-312-2, 2024 WL 2327803, at *1 (S.D.N.Y. May 21, 2024). When reviewing § 3582(c)(2) motions, courts follow a two-step approach. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court determines the guidelines range that would have applied to the defendant if the amendment had been in place at the time the defendant was sentenced. *Id.* at 827; *see also* U.S.S.G. § 1B1.10(b)(1). Second, the court considers the § 3553(a) sentencing factors and determines whether a reduction is warranted as a matter of discretion. *Dillon*, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023 and applies retroactively. *See Witkowski*, 2024 WL 2327803, at *2. Part B of Amendment 821 added to the Guidelines section 4C1.1, which provides for a two-point reduction in offense level for defendants who did not receive any criminal history points and who meet nine additional criteria. *See* U.S.S.G. § 4C1.1(a)(1)–(10); *see also United States v. Sanchez*, No. 01-CR-170, 2024 WL 3328608, at *2 (E.D.N.Y. July 8, 2024). These criteria include, *inter alia*, that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense," U.S.S.G. § 4C1.1(a)(7), and that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)," *id.* § 4C1.1(a)(10).

Parker is not eligible for a sentence reduction under Part B of Amendment 821. Although he had zero criminal history points at the time of sentencing, Parker possessed a firearm in connection with the offense conduct and received an

3

aggravating role enhancement under U.S.S.G. § 3B1.1. *See* ECF No. 51 at ¶¶ 23, 28, 38; ECF No. 153 at 2–3. Having concluded that Parker is not eligible for a sentence reduction, there is no reason to appoint counsel. *See United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (denying appointment of counsel after concluding that defendant was ineligible for a sentence reduction).

### III.   Conclusion

Parker's motion to reduce his sentence and to appoint counsel is denied.

**SO ORDERED.**

Brooklyn, New York  
October 24, 2024

*Edward R. Korman*  
Edward R. Korman  
United States District Judge

4